UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                              Case No. 8:16-cr-281-T-33JSS

HILDA GAONA-CALDERON.

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Hilda Gaona-Calderon's Amended Motion to Dismiss Indictment (Doc. # 28), filed on September 10, 2016. The Government filed a response in opposition on September 27, 2016. For the reasons below, the Motion is denied.

**Discussion**

Defendant entered the United States illegally when she was a teenager. (Doc. ## 28 at 2; 32 at ¶ 3). Subsequent to her illegal entry, Defendant pled guilty to two counts of delivery of a controlled substance in the State of Washington on October 6, 1995, and judgment was entered against Defendant in that case on October 12, 1995. (Doc. # 28-1 at 4).

Deportation proceedings were instituted against Defendant on October 13, 1995. (Id. at 11-15). Defendant was charged as being deportable under Section 241(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended. (Id. at

13). Then, on April 10, 1996, the immigration judge entered an order of deportation. (Id. at 17). The April 10, 1996, order indicates that the immigration judge "determined that the [Defendant] [was] deportable on the charge(s) in the Order to Show Cause," on "the basis of [Defendant's] admissions." (Id.). That same order further indicates Defendant waived her right to appeal. (Id.). Defendant was deported on April 12, 1996. (Doc. # 28 at 4).

Approximately two months after her deportation, Defendant reentered the United States. (Id.). Defendant continued to live in the United States. And, on June 14, 2016, Defendant was arrested pursuant to a criminal complaint for illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a). (Doc. # 1). On June 22, 2016, a grand jury returned an indictment charging Defendant with one count of illegal reentry after a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. # 10). Defendant now moves to dismiss the indictment by collaterally attacking her deportation in 1996.

A defendant charged with violating 8 U.S.C. § 1326, as is the case here, may collaterally challenge the validity of his or her deportation order in the criminal proceeding.

United States v. Zelaya, 293 F.3d 1294, 1297 (11th Cir. 2002) (citing 8 U.S.C. § 1326(d)).

> To succeed, a collateral attack on a deportation order in such a criminal proceeding must show that: (i) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (ii) the deportation proceeding at which the order was issued improperly deprived the alien of an opportunity for judicial review; and (iii) the entry of the order was fundamentally unfair.

Id. (citing 8 U.S.C. § 1326(d)). "Defendant bears the burden of persuasion to establish that the deportation proceedings were invalid." United States v. Hilton-Thomas, No. 08-20721-CR, 2009 WL 1286351, at *2 (S.D. Fla. May 7, 2009) (citing 8 U.S.C. § 1326(d); Zelaya, 293 F.3d at 1297; United States v. Aguirre-Tello, 353 F.3d 1199, 1204 (10th Cir. 2004)).

Upon review of the relevant Motion and filings, the Court finds that Defendant has failed to carry her burden of showing that she exhausted any available administrative remedies. The administrative remedies available to Defendant included several options: namely, moving to reopen under 8 C.F.R. § 1003.23(b)(1), moving for reconsideration under 8 C.F.R. § 1003.23(b)(1), filing an appeal to the Board of Immigration Appeals under 8 C.F.R. § 1003.38(b), or filing a joint motion to reopen at any time under 8 C.F.R. §§ 1003.23(b)(1) and (4)(iv). The record currently before the Court does not

3

establish that Defendant availed herself of these administrative remedies. In fact, the record shows that Defendant waived her right to appeal (Doc. # 28-1 at 17) and did not contest Homeland Security's decision to reinstate prior order (Doc. # 32-3). Because Defendant has failed to satisfy this prong of the analysis, her Motion is denied. See Zelaya, 293 F.3d at 1297 (affirming denial of motion to dismiss indictment because alien-defendant failed to exhaust administrative remedies); United States v. Rodriguez-Martin, 353 Fed. Appx. 217, 218 (11th Cir. 2009) (per curiam) (same); see also Alexis v. U.S. Attorney Gen., 431 F.3d 1291, 1296 (11th Cir. 2005) (holding court lacked jurisdiction to consider collateral attack on deportation order because administrative remedies were not exhausted).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Hilda Gaona-Calderon's Motion to Dismiss Indictment (Doc. # 25) is **DENIED AS MOOT** in light of the filing of her Amended Motion to Dismiss Indictment.

(2) Defendant Hilda Gaona-Calderon's Amended Motion to Dismiss Indictment (Doc. # 28) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of October, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE