UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                      Case No. 8:16-cr-281-T-33JSS

HILDA GAONA-CALDERON.

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Hilda Gaona-Calderon's Motion for Reconsideration of the Court's Order Denying Defendant's Motion to Dismiss Indictment (Doc. # 34), filed on October 4, 2016. The Government filed a response in opposition on October 14, 2016. (Doc. # 37). Without leave of Court, Defendant filed a reply on October 17, 2016, (Doc. # 38), in violation of Middle District of Florida Local Rule 3.01(c), which states that a "party shall not file any reply or further memorandum directed to the motion or response allowed . . . unless the Court grants leave." For the reasons below, the Motion is denied.

**I.   Background**

Defendant entered the United States illegally when she was a teenager. (Doc. ## 28 at 2; 32 at ¶ 3). Subsequent to her illegal entry, Defendant pled guilty to two counts of delivery of a controlled substance in the State of Washington

on October 6, 1995, and judgment was entered against Defendant in that case on October 12, 1995. (Doc. # 28-1 at 4).

Deportation proceedings were instituted against Defendant on October 13, 1995. (Id. at 11-15). Defendant was charged as being deportable under Section 241(a)(2)(A)(iii) of the Immigration and Nationality Act, as amended. (Id. at 13). Then, on April 10, 1996, the immigration judge entered an order of deportation. (Id. at 17). The April 10, 1996, order indicates that the immigration judge "determined that the [Defendant] [was] deportable on the charge(s) in the Order to Show Cause," on "the basis of [Defendant's] admissions." (Id.). That same order further indicates Defendant waived her right to appeal. (Id.). Defendant was deported on April 12, 1996. (Doc. # 28 at 4).

Approximately two months after her deportation, Defendant reentered the United States. (Id.). Defendant continued to live in the United States. And, on June 14, 2016, Defendant was arrested pursuant to a criminal complaint for illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a). (Doc. # 1). On June 22, 2016, a grand jury returned an indictment charging Defendant with one count of illegal reentry after a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. # 10).

Defendant moved to dismiss the indictment by collaterally attacking her deportation in 1996. (Doc. # 28). The Government filed a response in opposition. (Doc. # 32). After being fully briefed, the Court denied the motion on October 3, 2016. Defendant now moves for reconsideration of the Court's October 3, 2016, Order.

## II. Standard

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). "[R]econsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). So, "a motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" United States v. Villanueva, No. 8:12-

cr-205-T-17MAP, 2016 WL 4411508, at *1 (M.D. Fla. Aug. 16, 2016).

### III. Analysis

As a preliminary matter, Defendant's Motion rehashes arguments already presented to the Court in Defendant's amended motion to dismiss the indictment. To be sure, Defendant's opening salvo characterizes the Motion as a "response to the Government's Opposition to Defendant's Motion to Dismiss Indictment" turned Motion for Reconsideration. This alone is sufficient grounds to deny the Motion. See United States v. Akel, 610 Fed. Appx. 875, 877 (11th Cir. 2015) (citing Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" (citation omitted))).

Defendant's Motion is also due to be denied for another, independent reason. Defendant argues that a failure to meet any single requirement for a collateral attack of her deportation order does not defeat her attack. However, this argument fails to persuade the Court given the controlling statute's plain language, as well as Eleventh Circuit case law.

A defendant charged with violating 8 U.S.C. § 1326, as is the case here, may collaterally challenge the validity of his or her deportation order in the criminal proceeding. United States v. Zelaya, 293 F.3d 1294, 1297 (11th Cir. 2002) (citing 8 U.S.C. § 1326(d)).

> To succeed, a collateral attack on a deportation order in such a criminal proceeding must show that: (i) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (ii) the deportation proceeding at which the order was issued improperly deprived the alien of an opportunity for judicial review; and (iii) the entry of the order was fundamentally unfair.

Id. (citing 8 U.S.C. § 1326(d)). "Defendant bears the burden of persuasion to establish that the deportation proceedings were invalid." United States v. Hilton-Thomas, No. 08-20721-CR, 2009 WL 1286351, at *2 (S.D. Fla. May 7, 2009) (citing 8 U.S.C. § 1326(d); Zelaya, 293 F.3d at 1297; United States v. Aguirre-Tello, 353 F.3d 1199, 1204 (10th Cir. 2004)).

Defendant argues that Zelaya does not stand for the proposition that she must satisfy all three requirements—or, stated conversely, a failure to meet any one of the three requirements results in a denial—because the court in Zelaya addressed all three requirements. This argument, however, does not account for the use of the conjunctive "and," which, notably enough, is used in both § 1326(d) and Zelaya. 8 U.S.C.

5

§ 1326(d); Zelaya, 293 F.3d at 1297. Defendant was required to make three showings; but, she failed to make the first required showing. Thus, denial of her amended motion to dismiss the indictment was proper.

Furthermore, it bears mentioning that Defendant's own Motion concedes she had a remedy available to her: "under the laws existing at the time[,] a motion to reopen was merely a regulatory procedure." (Doc. # 34 at 5). Although Defendant attempts to make a differentiation between a regulatory remedy and a statutory remedy, Defendant cites no authority in support of such a contention. Without more, the Court is unconvinced.

In addition, Defendant's own attachment (Doc. # 34-2 at 6) establishes that Defendant could have filed a motion to reopen or for reconsider before the final order of the immigration judge. (Doc. # 34-2 at 6) (citing 8 C.F.R. § 3.23). Yet the record shows that Defendant waived her right to appeal and "made no application for relief from deportation." (Doc. # 28-1 at 17).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Hilda Gaona-Calderon's Motion for Reconsideration of the Court's Order Denying Defendant's Motion to Dismiss Indictment (Doc. # 34) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of October, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE